IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CARLOS FOSTER,

    Petitioner,          No. 2:12-cv-1460 WBS CKD P

  vs.

TIM VIRGA,

    Respondent.       FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a California prisoner proceeding pro se with an application for writ of habeas corpus under 28 U.S.C. § 2254. He challenges 2006 convictions for murder and robbery. Respondent has filed a motion asking that this matter be dismissed as time-barred.

        The limitations period applicable to this action may be found at 28 U.S.C. § 2244(d)(1). That statute provides as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of

1

the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The limitations period began to run under § 2244(d)(1)(A) on May 12, 2010; the day after time expired for petitioner to file a petition for writ of certiorari in the United States Supreme Court concerning the direct review of his convictions and sentences. See Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999) ("We hold that the period of 'direct review' in 28 U.S.C. § 2244(d)(1)(A) includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition."). The period ran at least until November 16, 2010, when petitioner submitted a petition for collateral relief in the Superior Court of Sacramento County to prison officials for mailing.[1] Title 28 U.S.C. §2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). The Superior Court petition was denied on December 8, 2010. Respondent concedes petitioner is entitled to tolling while the Superior Court petition was pending. By December 8, 2010, 188 days of the one year limitations period had expired.

Petitioner filed his second state petition for collateral relief, this time in the California Court of Appeal, on February 14, 2011.[2] The petition was denied on February 17, 2011. Respondent concedes that petitioner is entitled to tolling of the limitations period while

---

[1] Documents filed by prisoners are deemed "filed" when they are submitted to prison officials for mailing. See Houston v. Lack, 487 U.S. 266, 270 (1988).

[2] It is not clear when the second petition was submitted to prison officials for mailing.

2

his second petition was pending.  However, respondent asserts petitioner is not entitled to tolling for the 67 day period between the denial of petitioner's first petition and the filing of the second.

The California Court of Appeal did not indicate whether the petition for collateral review filed by petitioner was timely.  That being the case, the court asks whether a California court would find the delay in filing the petition unreasonable.  If the delay was reasonable, petitioner is entitled to tolling of the limitations period under 28 U.S.C. §2244(d)(2) for the interval of time between denial of his first petition and the filing of his second.  Evans v. Chavis, 546 U.S. 189, 198 (2006).

In Evans, the Supreme Court found that an unexplained six-month delay in proceeding to the next level of review in California is unreasonable.  Evans, 546 U.S. at 201.  The Court also noted that, in most states, litigants are allowed 30-60 days to appeal to a higher court suggesting that a California court would find 60 days a reasonable amount of time to wait to present a petition for collateral review to a higher court.  Id.

The court finds that a California Court would not find petitioner's delay in proceeding to the Court of Appeal unreasonable.  Again, there is no firm deadline as to when petitioner had to file, so holding him to 60 day deadline would be somewhat arbitrary.  Petitioner only missed the outer end of what the Supreme Court essentially identified as per se reasonable by 7 days.  The court finds it at least noteworthy that the Court of Appeal did not find petitioner's petition for collateral relief untimely, since, in the court's experience, California courts rule petitions untimely relatively frequently.  For these reasons, the court finds that the limitation period applicable to this action was tolled from the day petitioner filed his petition for collateral review in the Superior Court of Sacramento County through the date his second petition was denied in the California Court of Appeal.

/////

/////

/////

1    Petitioner filed his third petition for collateral review in the California Supreme
2 Court on March 15, 2011.[3]  The petition was denied on August 17, 2011.  Respondent concedes
3 that the limitations period was tolled from the date of the denial of his Court of Appeal petition
4 to the date his Supreme Court petition was denied.  Therefore, the limitations period was tolled
5 for petitioner's complete round of collateral review commenced in the Superior Court of
6 Sacramento County on November 16, 2010 and ending on August 17, 2011 when his California
7 Supreme Court petition was denied.  The limitations period began running a second time on
8 August 18, 2011.

9    The period ran at least 108 days until petitioner filed a second petition for
10 collateral relief in the California Supreme Court on December 4, 2011.[4]  See Porter v. Ollison,
11 620 F.3d. 952, 958 (9th Cir. 2010) (time between first round of collateral petitions in California
12 and the second is not tolled).  The petition was denied on March 28, 2012.  The court cited two
13 cases in denying the petition: In re Clark, 5 Cal.4th 750, 797-798 (1993) and In re Waltreus, 62
14 Cal.2d 218, 225 (1965).  The cite to Clark is for the proposition that successive and / or untimely
15 habeas petitions, generally speaking, are summarily denied.  The Ninth Circuit has found that
16 tolling under 28 U.S.C. §2244(d)(2) does not apply to a petition filed during a second round of
17 collateral attacks in California if, as here, the petition is found to be successive or untimely.
18 Porter, 620 F.3d. at 958.  Accordingly, the limitations period applicable to this action kept
19 running while petitioner's second California Supreme Court petition was pending and ran out on
20 February 10, 2012.  Petitioner did not commence this action until May 22, 2012.[5]  Accordingly,
21 //////

---

[3] This is the day the petition was filed, it is not clear when the petition was submitted to prison officials for mailing.  See note 1.

[4] December 4, 2011 is the day petitioner submitted his second Supreme Court petition to prison officials for mailing.  See note 1.

[5] May 22, 2012 is the day petitioner submitted the petition to prison officials for mailing. See note 1.

unless petitioner is entitled to equitable tolling of the limitations period, this action is time barred.

The statute of limitations may be subject to equitable tolling if a petitioner can demonstrate that (1) he had been pursuing his rights diligently, and (2) some extraordinary circumstance prevented him from filing on time. Holland v. Florida, 130 S. Ct. 2549, 2562 (2010). Petitioner must show that the "extraordinary circumstance" was the cause of the untimeliness, see Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003), and that the "extraordinary circumstance" was beyond his control. Shannon v. Newland, 410 F.3d 1083, 1089-90 (9th Cir. 2005). "[T]he threshold necessary to trigger equitable tolling . . . is very high, lest the exception swallow the rule." Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir. 2009) quoting Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002).

Petitioner asserts a number of events delayed the filing of his petition. First, he asserts he had to return to the California Supreme Court, in his second collateral action filed in that court, to exhaust state court remedies with respect to two of his claims because those claims were not "federalized" by his appellate counsel.

Next, petitioner claims that on December 7, 2011, some of his "essential legal documents" were confiscated because they were located inside an area designated as a crime scene. Also, on December 7, 2011, petitioner was placed on lock-down which resulted in petitioner not being allowed to go to his prison's law library. On January 9, 2012, petitioner was placed in administrative segregation as result of the events of December 7, 2011 which resulted in confiscation of all of petitioner's legal documents. Petitioner was released from administrative segregation on March 14, 2012. Petitioner's legal property was returned to him on March 21, 2012.

After reviewing the entire record, the court finds that petitioner has not demonstrated that he pursued his rights diligently. First, he fails to explain why it took him over 6 months (over half of the applicable limitations period) to file his first petition for collateral

relief. Also, while it appears petitioner did act diligently while proceeding with his first round of petitions for collateral relief in state court, he fails to adequately explain why he did not raise the claims presented in his second California Supreme Court petition during the first round. Petitioner blames the delay on his appellate counsel for not "federalizing" certain claims. But he fails to explain why it took him until December of 2011, approximately 19 months after his direct appeal ended and 22 months after his petition for review was denied by the California Supreme Court, for petitioner to surmise that claims raised by his appellate counsel were not cognizable in a federal habeas action.[6]

For these reasons, petitioner is not entitled to equitable tolling. Because petitioner's application for writ of habeas corpus is time-barred, the court will recommend that respondent's motion to dismiss be granted and this case be closed.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (Dkt. No. 12) be granted;

2. Petitioner's application for writ of habeas corpus be dismissed; and

3. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the

---

[6] Petitioner attributes his delay in learning that the claims raised by appellate counsel are not cognizable in a federal habeas action to the fact that he is not skilled in the law. The court assumes as much, but this general statement is not sufficient to establish diligence over a period of 22 months.

1  applicant).  Any reply to the objections shall be served and filed within seven days after service
2  of the objections.  The parties are advised that failure to file objections within the specified time
3  may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th
4  Cir. 1991).

 Dated: February 21, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
fost1460.157